JAMES H. CRAIG, JR., *et al.* Plaintiffs in Error, *vs.* ANNA RUPCKE *et al.* Defendants in Error.

*Opinion filed October 24, 1916.*

1. DEEDS—*when deed to take effect in future is valid.* A deed which has been duly executed and delivered but which is to take effect in the future is valid as a present grant of a future estate without any intermediate estate to support it.

2. SAME—*what does not make a deed testamentary.* Where a deed purporting to convey a present estate is delivered the title passes at once, and a verbal agreement by which the grantor retains possession of the land, with a right to the rents and profits, does not make the deed testamentary, for the reason that the deed is not subject to revocation, as in the case of a will.

WRIT OF ERROR to the Circuit Court of Massac county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

FRED R. YOUNG, and C. L. V. MULKEY, for plaintiffs in error.

COURTNEY, HELM & HELM, for defendant in error Anna Rupcke.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

James H. Craig died intestate on November 9, 1913, leaving Anna Rupcke, James H. Craig, Jr., and William H. Craig his children and only heirs-at-law. At the time of his death the record title of lot 226, in block 15, in Metropolis, was in him. It was improved with a small

dwelling house, and he was the owner of another lot on
which there was a store building, and two lots on which
was located his family residence. In May, 1914, William
H. Craig died, leaving Essie E. Craig his widow and Wil-
liam H. Craig, Jr., and Henry Lester Craig, his children
and heirs-at-law, and by his will he devised his undivided
interest in said property to his widow and two children,
equally. The widow, Essie E. Craig, in her own right and
as next friend of her infant son, William H. Craig, Jr.,
filed a bill in the circuit court of Massac county for parti-
tion of all the above mentioned lots. Before the January
term, 1915, to which the cause had been continued, Anna
Rupcke, one of the defendants in error, produced a deed
purporting to have been executed by her father and mother
conveying to her lot 226. The bill was amended by strik-
ing out that lot, and there was a decree for partition of the
remaining real estate, which resulted in a sale. On Au-
gust 12, 1915, the plaintiffs in error, James H. Craig, Jr.,
and Henry Lester Craig, filed their bill for the partition of
lot 226, making the defendant in error Anna Rupcke, to-
gether with the widow, Essie E. Craig, and her infant
son, William H. Craig, Jr., defendants. Anna Rupcke an-
swered, denying the ownership of James H. Craig, de-
ceased, at the time of his death, and the cause was referred
to the master in chancery to take the evidence. The chan-
cellor heard the evidence taken before the master and found
that the defendant in error Anna Rupcke was the owner in
fee of the lot and dismissed the bill of complaint for want
of equity.

The deed to Anna Rupcke was a warranty deed express-
ing a consideration of $425, was dated October 7, 1889,
and was executed by James H. Craig and wife and acknowl-
edged by them before William Wright, a notary public, on
October 12, 1889. It was proved that the deed was deliv-
ered to the grantee by the testimony of the notary, who
said that after the acknowledgment of the deed the de-

fendant Anna Rupcke brought it to him and asked him to insert the letter "M," which was the middle initial of her name. He told her that he could not alter the deed without the presence of her father and mother but that the omission of the letter "M" was not material. She made no objection to bringing her father and mother to have the correction made, but he assured her that it was not necessary. He saw the deed and recognized his signature but could not remember when the deed was brought to him, although he was certain that it was in the lifetime of the grantor and his wife because he proposed to have them brought to consent to the change if it was made. An insurance agent testified that when she applied to James H. Craig to insure the house on the lot he told her to see Anna,—that it was her's; and another witness said that four or five years before the trial he applied to James H. Craig to purchase the lot and was told that it belonged to Anna and had belonged to her for the past twenty years or more. The evidence for complainants was that James H. Craig was in possession of the lot until his death; that he enclosed it with a fence, repaired the house, leased the premises, collected the rent, paid the taxes, kept it insured in his own name, stated several times that he would like to see the property go to Lester Craig, and on one occasion said that Anna wanted to buy the little house and he told her he would not sell her any one of the houses as long as he lived; and that the defendant Anna Rupcke made no claim to the lot after the death of her father until she produced the deed. She did not deny that she made no claim to the lot after her father's death until she found the deed but permitted the rent to be collected by James H. Craig, Jr., as belonging to the estate, permitted him to pay the taxes and recommended making repairs on the roof of the porch. She explained her failure to make any claim after the death of her father by testifying that the deed had been misplaced and could not be found and that she thought it

useless to do anything or make any claim unless she could produce her deed. Her husband was engaged in the lumber· business in the south, lived in lumber camps, and she was in the habit of going to the camps and living with him, and she testified to the making of trips back and forth, and that the deed was in a box packed with other things and was misplaced among other papers, but after her father's death she began to look for the deed and finally found it in the box among some old receipts belonging to her and lumber contracts, and she then had it recorded and presented to the other parties. This explanation was not unreasonable and was accepted by the chancellor, and nothing that she did would operate as an estoppel or serve to give title to the heirs-at-law of her father.

The evidence left no doubt that the deed was executed and delivered, but the facts that the grantor retained possession, paid the insurance and taxes and leased the property show that the deed was not intended to take effect until after his death. A deed to take effect in the future is valid as a present grant of a future interest without an intermediate estate to support it. By such a deed the title passes at once, but if the deed purports to convey the present estate, a verbal agreement by which the grantor retains possession, with a right to the rents and profits, does not make the deed testamentary, for the reason that it is not subject to revocation as in the case of a will. *Shackelton* v. *Sebree,* 86 Ill. 616; *Harshbarger* v. *Carroll,* 163 id. 636; *Latimer* v. *Latimer,* 174 id. 418; *Blake* v. *Ogden,* 223 id. 204; *White* v. *Willard,* 232 id. 464; *Nowakowski* v. *Sobeziak,* 270 id. 622.

The conclusion of the chancellor from the evidence was right and the decree is affirmed.          *Decree affirmed.*